**Vilaketi BLOOMFIELD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 22214.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1968.

Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Stephen M. Suffin, I.N.S. San Francisco, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., Ramsey Clark, Atty. Gen. of United States, Washington, D. C., for respondent.

Before HAMLEY and HAMLIN, Circuit Judges, and PLUMMER, District Judge*.

HAMLEY, Circuit Judge:

Vilaketi Bloomfield, a native and citizen of Tonga, has petitioned this court to review an order of the Immigration and Naturalization Service denying his application for status as a permanent resident of the United States.

Bloomfield entered the United States as a non-immigrant student on July 9, 1963. His authorized stay was extended to July 8, 1965. On March 10, 1965, he applied for status as a permanent resident, pursuant to section 245 of the Immigration and Nationality Act (Act), 66 Stat. 217 (1952), 8 U.S.C. § 1255 (1964). This application was denied by the district director on January 3, 1966, on the ground that Bloomfield had failed to secure the employment certification required by section 212(a) (14) of the Act, 8 U.S.C. § 1182(a) (14) (1964), as amended by section 10 of Public Law 89–236, 79 Stat. 917 (1965).

Bloomfield failed to maintain his status as a student. Deportation proceedings against him were therefore commenced, and a hearing before a special inquiry officer was held on May 11, 1966. In that proceeding, Bloomfield admitted all allegations contained in the order to show cause but renewed his application for permanent status. His renewed application was denied by the special inquiry officer for lack of the employment certification specified in section 212(a) (14).

Bloomfield appealed to the Board of Immigration Appeals, contending that he was exempt from the provisions of section 212(a) (14) because he had established a small importing business. See 8 C.F.R. § 212.8(b) (4). The Board remanded the proceedings for further hearing to determine whether he was a self-employed independent contractor exempt from the provisions of the above statute. After a further hearing before the special inquiry officer, the latter once again denied Bloomfield's application, holding that he was ineligible for the self-employment exemption.

* The Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, sitting by designation.

On appeal to the Board from that decision, Bloomfield conceded that he could not qualify for the self-employment exemption from the section 212(a) (14) requirement for an employment certification. However, he then contended that he was exempt from that certification requirement by reason of the enactment, on November 2, 1966, of section 3 of Public Law 89–732, 80 Stat. 1161. The Board rejected this argument, holding that only natives of Western Hemisphere countries and adjacent islands were saved from the employment certification requirement by Public Law 89–732.

The Board therefore affirmed the decision of the special inquiry officer denying Bloomfield's application for status as a permanent resident of the United States. This review proceeding was then commenced.

Section 245 of the Act permits an alien who is temporarily in the United States to become, under certain circumstances, a lawful permanent resident. One of the circumstances which must exist is that the alien be admissible to the United States for permanent residence under the Act. Aliens ineligible for admission to the United States for permanent residence, and therefore ineligible for relief under section 245, are specified in section 212 of the Act, 8 U.S.C. § 1182 (1964). On March 10, 1965, when Bloomfield applied for status as a permanent resident, he was not statutorily ineligible for admission under any provision of section 212 as it then read.

However, before the processing of his application was completed, section 212 (a) (14) was amended by section 10 of the Act of October 3, 1965, 79 Stat. 911. As amended, section 212(a) (14) provided that an alien seeking to enter the United States for the purpose of performing skilled or unskilled labor, shall be ineligible for admission unless he has obtained from the Secretary of Labor a

described employment certificate. As indicated above, Bloomfield did not have such a certificate.

Section 245 of the Act, under which Bloomfield applied for a change of status, was also amended by the Act of October 3, 1965. See 79 Stat. 919. Section 13(b) of the latter Act amended section 245(c) to read as follows:

"The provisions of this section shall not be applicable to any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b) (5)." [1]

Bloomfield is not a native of the Western Hemisphere or adjacent islands. It follows that section 245(c) of the Act, as amended by section 13(b) of the Act of October 3, 1965, did not exclude him from the provisions of section 245 or exempt him from the related section 212(a) (14) requirement referred to above, requiring a certificate from the Secretary of Labor.

But section 13 of the Act of October 3, 1965 was, in turn, amended by section 3 of the Act of November 2, 1966, 80 Stat. 1161. Under this 1966 amendment there was added to section 13 of the 1965 Act a new subsection (c) reading as follows:

"(c) Nothing contained in subsection (b) of this section shall be construed to affect the validity of any application for adjustment under section 245 filed with the Attorney General prior to December 1, 1965, which would have been valid on that date; but as to all such applications the statutes or parts of statutes repealed or amended by this Act are, unless otherwise specifically provided therein, continued in force and effect."

The last time his case was before the Board, Bloomfield contended that since his application for change of status was filed prior to December 1, 1965, this 1966 amendment of section 13 of the

---

1. Prior to this 1965 amendment of section 245(c), that subsection read as follows: "(c) The provisions of this section shall not be applicable to any alien who is a native of any country contiguous to the United States, or of any adjacent island named in section 101(b) (5)."

Act of October 3, 1965, adding new subsection (c) thereto, saves his application from the certification requirement of section 212(a) (14), as amended. The Board, however, held that the 1966 amendment of section 13 of the 1965 Act created an exception only for those mentioned in section 13(b) of the 1965 Act, amending · section 245(c) of the Act, namely, natives of the Western Hemisphere and adjacent islands, who had filed applications for adjustment of status before December 1, 1965.

This conflict of view as to the construction to be placed upon section 3 of the Act of November 2, 1966, poses the only issue before us in this review proceeding.

We agree with the construction placed upon that section by the Board. The new subsection (c) which the 1966 Act adds to section 13 of the 1965 Act, begins with the words: "Nothing contained in *subsection (b)* of this section shall be construed to affect the validity of any application * * *." (Emphasis added.) It is therefore evident that, under this 1966 amendment, the only statutory provisions which were *not* to affect the validity of an application filed prior to December 1, 1965, were those which were contained in subsection (b) of section 13 of the 1965 Act. Those statutory provisions operated only to exclude from the scope of section 245, aliens who are natives of any country of the Western Hemisphere or of any adjacent island—a provision inapplicable to petitioner.

All other statutory provisions which may affect the validity of such an application, including the provision of section 212(a) (14) of the Act, as amended in 1965, which requires an employment certificate, were accordingly left in effect as to all applications whether filed before or after December 1, 1965. This seems so clear to us that we do not perceive the asserted "ambiguity" on the basis of which Bloomfield resorts to the legislative history of the 1966 Act. Nor do we note anything in that history which lends substantial support to his view.

Affirmed.